UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER BORMUTH

    Plaintiff,                                             Case No. 16-13166

v.                                                       Honorable Nancy G. Edmunds

RUTH JOHNSON,

    Defendant.

_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AS MODIFIED [13]**

Plaintiff Peter Bormuth filed this *pro se* civil rights action against Defendants Ruth Johnson and Bill Schuette in their official capacities as Michigan Secretary of State and Attorney General, respectively.[1] Bormuth, a former Democratic primary candidate for the Michigan House of Representatives, maintains that Johnson wrongfully denied his recount petition and implemented a series of unconstitutional measures related to the filing of campaign finance disclosure documents. On October 24, 2016, the Magistrate Judge issued a report recommending dismissal of all claims related to Bormuth's request for a recount. (Dkt. 13).[2] Both parties filed a series of objections. (Dkt. 15 & 16). For the reasons stated more thoroughly below, the Court agrees with the Magistrate Judge's recommendation as modified.

---

[1] Plaintiff has since agreed to release Schuette from this lawsuit. (Dkt. 11 at 10).

[2] The Magistrate Judge "is taking Bormuth's remaining electronic filing claim against Defendant Ruth Johnson [u]nder [a]dvisement, and [he] will issue a separate Report and Recommendation as to that matter in due course." (Report and Recommendation at 22).

I.  **BACKGROUND**

Plaintiff Peter Bormuth was a Democratic primary candidate for the 64th District of the Michigan House of Representatives in the August 2, 2016 election. The election did not go well for Bormuth; in the end, his opponent, Ron Brooks, received nearly 75% of the total vote, winning by a final count of 1240 to 419. On August 6, 2016, Bormuth emailed the Jackson County Elections Director and the Director of Disclosure Data Division at the Secretary of State, "requesting a recount in the race due to possible manipulation of the voting machine tallies." (Compl. ¶ 36). Five days later, Bormuth filed an official petition for recount under Mich. Comp. Laws § 168.879, alleging that he was "aggrieved over the possibility of fraud." (*Id.* at ¶ 66). Despite losing the election by 821 votes, Bormuth's petition was limited to one precinct–totaling 100 votes–in the City of Jackson.

On August 18, 2016, Bormuth was advised by the Michigan Bureau of Elections that his petition for recount would not be honored. Specifically, the Director of the Election Liaison Division explained that, "[t]he purpose of a recount under law is to confirm the election results as canvassed. A valid request for a partial recount must include a sufficient number of votes to possibly affect the outcome of the election. Your petition seeking the recount of a single precinct cannot meet this criteria and is therefore an insufficient filing . . . ." (*Id.* at ¶ 49). The following month, Bormuth filed this lawsuit, asserting multiple claims under 42 U.S.C. §§ 1973, 1983, 1985, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment, among other statutes. In essence, Bormuth seeks an order compelling Johnson to undertake the recount, and an award of damages for his trouble.

On September 30, 2016, Johnson filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). The Magistrate Judge has since issued a report

recommending dismissal of all claims related to Bormuth's request for a recount-- essentially half of his complaint. The parties have filed a series of objections revolving around four discrete issues: mootness, the statutory definition of an "aggrieved party", the sufficiency of Bormuth's fraud allegations, and the plausibility of his claims under the Fourteenth Amendment. The Court considers each in turn.

## II. STANDARD

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.'" *Aldrich v. Bock,* 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981).

## III. ANALYSIS

### A. Mootness

According to Johnson, Bormuth's entire complaint "is moot because [his] demand for a partial recount is not capable of repetition yet evading review." (Def.'s Obj. 2). The Magistrate Judge disagreed with this line of reasoning, concluding that the mootness exception applied because (1) "the challenged action was too short in duration to be fully litigated before it ended", and (2) "Bormuth and others are capable of running in an election and encountering the types of issues raised in this case." (Report and Recommendation, 9-10). Johnson now summarily reasserts her original argument, suggesting that the Magistrate Judge erred by failing to dismiss the entire complaint on mootness grounds.

Despite Johnson's failure to properly develop her objection, the Court is satisfied that the Magistrate Judge correctly rejected her mootness argument. The mootness exception applies when "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and [] there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Lawrence v. Blackwell*, 430 F.3d 368, 370 (6th Cir. 2005) (citation omitted). Here, the first prong of the exception is easily met; with less than two months between the primary election and the deadline for having ballots approved and printed under the federal MOVE Act, there was no opportunity for Bormuth to fully litigate his challenge prior to its cessation. Indeed, the Sixth Circuit has "found that election cases fall into the 'capable of repetition, yet evading review' exception even when challengers had a period of eleven months to pursue their claims in federal court." *Libertarian Party of Michigan v. Johnson*, 714 F.3d 929, 932 (6th Cir. 2013) (citation omitted).

Furthermore, contrary to Johnson's suggestion, the second prong turns on "whether the controversy [is] capable of repetition . . . [not] whether the claimant [has] demonstrated that

4

a recurrence of the dispute [is] more probable than not." *Lawrence*, 430 F.3d at 371. Here, "there is a reasonable expectation that some candidate in the future will ask for a single precinct recount because of their concern for voting machine manipulation." (Report and Recommendation at 9). Indeed, if recent history–i.e. the Presidential election–is any indicator, challenges in this context are only likely to increase as technology evolves.

For all of those reasons, the Court finds that Bormuth's complaint falls into the "capable of repetition but evading review" exception to mootness, and therefore OVERRULES Johnson's objection.

**B. "Aggrieved" Candidate**

Next, Johnson argues that Bormuth was not an "aggrieved candidate" under Michigan law because his recount petition was limited to 100 votes; an insufficient number to claim victory over his opponent. Mich. Comp. Laws. § 168.879(1)(a). The Magistrate Judge disagreed, finding that "any candidate whose vote total is negatively impacted by fraud has been 'aggrieved.'" (Report and Recommendation at 14).

The Michigan Court of Appeals recently addressed this issue in connection with former Presidential candidate Jill Stein's petition for a state-wide recount. *See Attorney Gen. v. Bd. Of State Canvassers*, No. 335947, -- N.W. 2d --, 2016 WL 7108573 (Mich. Ct. App. Dec. 6, 2016).[3] There, the court held that, "to meet the 'aggrieved' candidate requirement under subsection 879(1)(b), the candidate must be able to allege a good faith belief that but for mistake or fraud, the candidate would have had a reasonable chance of winning the election." *Id.* at 5. In other words, "in the context of an election, a candidate suffers a loss

---

[3] The Court notes that the Magistrate Judge did not have the benefit of this decision at the time of writing.

or injury–and thus is 'aggrieved' for purposes of MCL 168.879(1)(b)–by losing an election the candidate would have won but for the errors in the counting of votes." *Id.* By adopting a narrow definition of the term, the court effectively foreclosed Bormuth's challenge. Indeed, Bormuth's petition is limited to a single precinct comprised of 100 votes- over 700 less than his opponent received. In other words, because Bormuth does not have a "reasonable chance of winning the election" after the recount, he has failed to allege that he was "aggrieved" under the statute.

The Court thus SUSTAINS Johnson's objection to the Magistrate Judge's definition of an "aggrieved candidate" under Mich. Comp. Laws § 168.879 for the reasons set forth above. Because Bormuth is not an aggrieved candidate, the Court OVERRULES AS MOOT his objection to the Magistrate Judge's conclusion that he failed to sufficiently allege fraud in his petition. This finding does not alter the Magistrate Judge's underlying conclusion; namely, that Bormuth has failed to satisfy the statutory requirements for a recount petition under Michigan law.

### C. Fourteenth Amendment Claims

Bormuth's remaining two objections, concerning the dismissal of his Fourteenth Amendment claims, can be summarily rejected. First, Bormuth argues that his "equal protection claim stands because a facially neutral regulation is being unequally administered by the defendants." (Bormuth Obj. 15); *see* (Compl. ¶ 8) ("The Secretary of State's refusal to perform a recount is a deliberate attempt by [a] Christian . . . to deny a Pagan candidate" a fair election.) (Compl. ¶ 8). The impetus for this unequal treatment, according to Bormuth, stems from his "Pagan pro-abortion/pro-environment anti-[C]hristian television political ads . . . ." (*Id.* at ¶ 23). But even assuming all of this was true, the

complaint is missing a critical ingredient; namely, a factual assertion linking Johnson's personal animus towards Pagans to a legally cognizable injury suffered by Bormuth. On the contrary, Bormuth openly admits that he "has no hard evidence that fraud took place", and concedes that his opponent "may have won the election by the computed total *certified by the Secretary of State*." (*Id.* at ¶ 68) (emphasis added). In this way, "Plaintiff's own allegation implies that he has no basis for alleging [] discrimination and, instead, he merely views it as an explanation for the alleged harassment." *Hurt v. Birkett*, 566 F. Supp. 2d 620, 631 (E.D. Mich. 2008). At its core, then, Bormuth's complaint is little more than innuendo and speculation couched in a "formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For that reason, any equal protection claim against Johnson must be dismissed, and Bormuth's objection is thus OVERRULED.

Bormuth's due process claim suffers from a similar pleading malady. Indeed, despite his sweeping assertion that "the state's administrative and judicial corrective process fails on its face to afford fundamental fairness . . . .", (Bormuth Obj. 15), the complaint is devoid of any facts suggesting that Michigan is the "exceptional" state that "uses non-uniform procedures that result in significant disenfranchisement and vote dilution." *Ne. Ohio Coal. for the Homeless v. Husted,* 837 F.3d 612, 637 (6th Cir. 2016). In fact, as the Magistrate Judge aptly explained:

> the requirements for petitioning a recount under MCL § 168.879(1) are not fundamentally unfair or burdensome, and they apply uniformly to all candidates seeking a recount. Indeed, MCL § 168.879(1) is relatively lenient in that it does not require a petitioner to provide evidence of fraud or mistake as a prerequisite to granting a recount. Still, it is legitimate for the State to require all recount petitioners to meet some basic requirements, such as making an allegation of actual fraud or mistake.

7

(Report and Recommendation at 21). Bormuth's failure to address–let alone rebut–this reasoning is telling. In the end, Bormuth's "garden variety election irregularities [] do not prove fundamental unfairness." *Husted*, 837 F.3d at 637 (citations and quotations omitted). Accordingly, the Court must, and does OVERRULE Bormuth's objection to the dismissal of his due process claim.

**IV.    CONCLUSION**

For the reasons thus stated, the Court hereby ADOPTS the Report and Recommendation as modified. [13] Bormuth's claims against Defendant Bill Schuette are hereby DISMISSED WITH PREJUDICE. Furthermore, all claims related to Bormuth's recount petition against Defendant Ruth Johnson are likewise DISMISSED WITH PREJUDICE.


SO ORDERED.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated:  January 10, 2017


I hereby certify that a copy of the foregoing document was served upon counsel of record on January 10, 2017, by electronic and/or ordinary mail.

> s/Kelly Winslow for
> Carol Bethel, Case Manager