UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER BORMUTH,

        Plaintiff,

v.

RUTH JOHNSON and
BILL SCHUETTE,

        Defendants.

_____/

Case No. 16-13166

Honorable Nancy G. Edmunds

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
JUNE 16, 2017 REPORT AND RECOMMENDATION [30]**

In a report and recommendation ("R & R") issued on June 16, 2017, Magistrate Judge

David R. Grand has recommended that the Court grant the remaining portion of

Defendants' September 30, 2016 motion to dismiss that was not addressed in the

Magistrate Judge's prior October 24, 2016 R & R.[1]  Plaintiff filed objections to the R & R on

June 30, 2017, and Defendants filed a response to these objections on July 17, 2017.  For

the reasons that follow, the Court overrules Plaintiff's objections and adopts the R & R in

its entirety.

As the first of his three objections to the R & R, Plaintiff takes issue with the

Magistrate Judge's interpretation of Mich. Comp. Laws § 169.218 as mandating that

_____

[1]As noted in the more recent R & R, this Court adopted the earlier R & R in an opinion
and order dated January 10, 2017, with the result that all claims against Defendant Bill
Schuette have been dismissed with prejudice.  *See* 1/10/2017 Op. at 8.  The claims
addressed in the present R & R are asserted only against Defendant Ruth Johnson and
concern the requirement under Michigan law that certain campaign finance disclosure
documents must be filed electronically.

Plaintiff had to file his campaign finance statements electronically. Upon carefully examining the language of this statute, the Magistrate Judge concluded that it (i) "makes electronic filing 'optional' for committees that received or spent between $1,000.00 and $4,999.99 during the preceding calendar year," but (ii) "*requires* electronic filing for committees that reach the $5,000.00 threshold" set forth in that enactment. R & R at 9-11 (emphasis in original). Because Plaintiff "d[id] not dispute that during the relevant period his campaign eclipsed" this $5,000 threshold, the Magistrate Judge reasoned that "he was required to use the Secretary of State's electronic filing . . . system as described in subsection (1) of the statute." *Id.* at 11 (internal quotation marks and citation omitted).

In challenging this conclusion, Plaintiff contends that the Michigan statute at issue is ambiguous as to whether electronic filing is optional or mandatory, and he urges the Court to resolve this purported ambiguity in his favor. This claim of ambiguity, however, rests on the false premise that the same $5,000 cutoff amount triggers **both** (i) the duty — or, in Plaintiff's view, the option — to electronically file campaign finance documents, **and** (ii) the threshold obligation to file campaign finance disclosure forms, whether electronically or otherwise. *See* Plaintiff's Objections at 2. Yet, as Plaintiff himself recognizes in his complaint, *see* R & R at 2-3 (citing Complaint at ¶¶ 13, 15), and as the pertinent Michigan statutory provision confirms, *see* Mich. Comp. Laws § 169.233(6), the threshold amount that triggers the underlying requirement to file campaign finance documents is $1,000, not $5,000. Against this backdrop, the Magistrate Judge properly read Mich. Comp. Laws § 169.218(2) as providing an **option** for campaigns that meet the $1,000 filing threshold to make these filings electronically, while subsections (3) and (4) of this statute mandate that

campaigns above the $5,000 threshold **must** do so.  *See* R & R at 10-11.  The ambiguity posited by Plaintiff simply does not exist.

Plaintiff next challenges the Magistrate Judge's conclusion that the Defendant Secretary of State was not bound by the erroneous assurance of a Secretary of State employee that Plaintiff could submit his campaign finance documents by fax.  As explained in the R & R, the parties failed to identify any case law or other authority that addressed this issue, so the Magistrate Judge looked to case law holding that a taxpayer may not rely on an IRS agent's misstatement of the law.  *See id.* at 12 (citing cases).  Although Plaintiff now seeks to distinguish this case law on the ground that it addresses oral representations, rather than the instructions he received by e-mail, *see* Plaintiff's Objections at 3, he notably fails to point to any cases that actually rely on this proposed distinction between oral and written misstatements and treat the latter as binding on the issuing government agency. In any event, the Magistrate Judge correctly observed that the erroneous instructions received by Plaintiff became a "non-issue" when the Secretary of State "promptly informed" Plaintiff that his submission by fax did not comport with the law and "provided him with information" that would enable him to comply with the applicable electronic filing requirement.  R & R at 12.  In light of this prompt corrective communication, the Magistrate Judge aptly concluded that Plaintiff "has only himself to blame for filing to properly file his post-primary campaign statement when it was due, and thus is solely responsible for the late fee incurred with respect to that filing obligation."  *Id.* at 13.

As his third and final objection to the R & R, Plaintiff identifies a number of purported flaws in the Magistrate Judge's analysis of his claim of a Fourteenth Amendment equal protection violation.  First, as to the Magistrate Judge's conclusion that Plaintiff failed to

3

allege his membership in a suspect class, such that heightened scrutiny of the challenged governmental action might be warranted, *see id.* at 15, Plaintiff concedes that the elderly and individuals who lack technological skills do not qualify as suspect classes for purposes of equal protection analysis, but he contends that he is a member of a suspect class because he is Pagan and has only modest financial resources. Plaintiff's Objections at 6. These assertions, however, are not backed by citation to any authority, and the Court declines to search out authority on Plaintiff's behalf.[2]

Plaintiff nonetheless insists that heightened scrutiny is called for because his equal protection claim implicates his "fundamental right" to pursue an occupation — in this case, public office. Plaintiff's Objections at 6. Yet, while certain of the authorities cited by Plaintiff in support of this proposition speak generally of a "right" to seek elected office, *see id.* at 6-7, the Magistrate Judge has ably explained that this right does not rise to the level of a "fundamental interest" that would trigger anything beyond rational basis review of the governmental action challenged by Plaintiff, *see* R & R at 15. Plaintiff does not even address the authorities cited by the Magistrate Judge on this point, much less demonstrate any infirmity in the Magistrate Judge's analysis. Neither has Plaintiff endeavored to explain how the Magistrate Judge might have erred in determining that Michigan's electronic filing requirement as applied to Plaintiff's campaign withstands scrutiny as rationally related to a legitimate state interest. *See id.* at 16-17.

---

[2]In fact, the Magistrate Judge correctly observed that "[t]he Supreme Court has declined to find that classifications based on . . . wealth are suspect." R & R at 15 (citing *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 28-29, 93 S. Ct. 1278, 1294 (1973)).

Finally, Plaintiff takes issue with the Magistrate Judge's determination that the allegations of his complaint are insufficient to state a claim that Michigan's campaign finance disclosure scheme was unequally administered in this case due to Plaintiff's Paganism or partisan political considerations. *See id.* at 17-18. In support of this challenge, however, Plaintiff merely repeats the same allegations that the Magistrate Judge properly discounted as "conclusory assertions regarding [Defendant] Johnson's purported motivation" for refusing to accept Plaintiff's attempt to file his campaign finance statements by fax. *Id.* at 17. As explained by the Magistrate Judge, these conclusory allegations of improper motive are "insufficient to state a claim for relief under the [governing] federal pleading standards." *Id.*

For these reasons, the Court OVERRULES Plaintiff's June 30, 2017 objections [32] and ADOPTS the Magistrate Judge's June 16, 2017 report and recommendation [30]. In accordance with these rulings, the remaining portion of Defendants' September 30, 2016 motion to dismiss [10] — *i.e.,* the portion not yet resolved in the Magistrate Judge's earlier October 24, 2016 report and recommendation and the Court's January 10, 2017 opinion and order — is GRANTED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 1, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 1, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager