# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: March 02, 2018

Mr. Peter Carl Bormuth
142 W. Pearl Street
Jackson, MI 49201

Mr. John G. Fedynsky
Office of the Attorney General
of Michigan
P.O. Box 30736
Lansing, MI 48909

           Re: Case No. 17-2053, *Peter Bormuth v. Ruth Johnson*
                Originating Case No. : 2:16-cv-13166

Dear Counsel:

   The Court issued the enclosed Order today in this case.

                         Sincerely yours,

                         s/Amy E. Gigliotti
                         Case Manager
                         Direct Dial No. 513-564-7012

cc: Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 17-2053

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

> FILED
> Mar 02, 2018
> DEBORAH S. HUNT, Clerk

| | |
|---|---|
| PETER CARL BORMUTH, | ) |
|     Plaintiff-Appellant, | ) ) ) |
| v. | ) ON APPEAL FROM THE UNITED ) STATES DISTRICT COURT FOR ) THE EASTERN DISTRICT OF |
| RUTH JOHNSON, Michigan Secretary of State, | ) MICHIGAN ) |
|     Defendant-Appellee. | ) ) ) |

O R D E R

Before: GUY, DAUGHTREY, and SUTTON, Circuit Judges.

Peter Carl Bormuth, a Michigan citizen, appeals pro se a district court order dismissing his civil rights action. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Bormuth filed a complaint asserting claims under 42 U.S.C. §§ 1983, 1985(3), 52 U.S.C. § 10307(c), the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment, and Michigan Compiled Laws §§ 168.162, 168.179, and 169.218, and naming the Michigan Secretary of State and Attorney General as defendants. Bormuth alleged that he had been a pagan Druid candidate for the Michigan House of Representatives in a primary election that took place on August 2, 2016, and that he lost by a vote of 1240 to 419. He alleged that he had been told on June 1, 2016, that he had to file a campaign-finance-disclosure form by July 22, 2016. On July 22, when he attempted to fill out the form on the computer, he ran into difficulty. On July 25, he e-mailed a state employee, who told him he could fax the form. Bormuth did so. However, the next day, he was informed that his faxed form was not acceptable and he would

Case 2:16-cv-13166-NGE-DRG ECF No. 39-2 PageID.503 Filed 03/02/18 Page 3 of 5
Case: 17-2053 Document: 19-2 Filed: 03/02/2018 Page: 3 (3 of 5)

No. 17-2053
- 2 -

have to file the form electronically. Bormuth indicated that he believed he had properly filed the form by fax and would not be refiling. Late fees continued to accrue for his failure to file and subsequently reached a $1000 maximum. After the election, Bormuth petitioned for a recount of the votes in one precinct that accounted for only 100 votes. He was informed that a recount would not be conducted because it could not alter the result of the election. Bormuth alleged that the refusals to accept his faxed campaign-finance-disclosure form and to perform the vote recount were based on Christian bias against him as a pagan.

Defendants moved to dismiss the complaint for failure to state a claim. Bormuth agreed to dismiss the claims as to the Attorney General. He asked for expedited consideration of his claim to a vote recount. A magistrate judge recommended granting the motion to dismiss that claim. Both parties filed objections, which the district court overruled in dismissing the claim, concluding that Bormuth had not demonstrated entitlement to a recount because he was not an aggrieved party and that "the complaint is devoid of any facts suggesting" a due process violation. R. 20 at 7. The magistrate judge subsequently recommended that the remaining claim concerning the filing of the campaign-finance-disclosure form also be dismissed. The district court adopted this recommendation over Bormuth's objections, finding that the requirement that the form be submitted electronically was applied without regard to a candidate's religion. Bormuth appeals.

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The district court found that Bormuth failed to state a claim that defendant was required to conduct the vote recount that he requested because Bormuth was not aggrieved by the results in the one precinct where he requested the recount, which accounted for too few votes to have changed the result. In doing so, the district court relied on a recent Michigan state court decision, *Attorney General v. Board of State Canvassers*, 896 N.W.2d 485, 489–90 (Mich. Ct. App. 2016), holding that a recount under Michigan Compiled Laws § 168.879(1)(b) was required only upon a showing that the party requesting the

recount had a chance of winning after the recount. Bormuth argues that the district court erred in applying this holding "retroactively," yet he points to no previous Michigan law to the contrary. He cites *Santia v. Board of State Canvassers*, 391 N.W.2d 504, 506 (Mich. Ct. App. 1986), and *Kennedy v. Board of State Canvassers*, 339 N.W.2d 477, 478 (Mich. Ct. App. 1983), but these cases also involved instances in which the challenger had a chance of winning after the recount. Because the recount that Bormuth requested could not have changed the result of the vote, defendant was not required to conduct it.

And Michigan's aggrieved-party requirement does not itself violate the Due Process Clause. To state a claim under § 1983 and the Fourteenth Amendment, Bormuth needs to show that Secretary Johnson "deprive[d]" him of something. U.S. Const. amend. XIV, § 1. Bormuth cannot do so because he admits that the limited recount he requested cannot *possibly* change the outcome in his race for the state House. For that reason, other courts, like the Michigan Court of Appeals, routinely ask whether a plaintiff who raises an election-law claim under the federal Constitution can show some likelihood that the alleged violation altered the election's outcome. *See, e.g.*, *Putter v. Montpelier Pub. Sch. Sys.*, 697 A.2d 354, 357–58 (Vt. 1997); *Saxon v. Fielding*, 614 F.2d 78, 79 (5th Cir. 1980).

The district court found that Bormuth's remaining claim was subject to dismissal because defendant properly required Bormuth to file his campaign-finance-disclosure forms electronically, when he spent more than $5000 on the election, as required by Michigan Compiled Laws § 169.218(3). Although Bormuth's reliance on faulty instructions from a state employee to fax the form was reasonable at the time, once the State immediately corrected that error, Bormuth could no longer refuse to file electronically without incurring late fees. Bormuth's claim that the electronic-filing requirement was imposed due to a conspiracy among Christians against him as a pagan was unsupported by any facts. Finally, although he argues that defendant also instructed him that he could submit his late form and the fees by mail, he did not avail himself of this method of filing. Bormuth's willful failure to comply with a rational

Case 2:16-cv-13166-NGE-DRG ECF No. 39-2 PageID.505 Filed 03/02/18 Page 5 of 5
Case: 17-2053 Document: 19-2 Filed: 03/02/2018 Page: 4 (5 of 5)

No. 17-2053
- 4 -

regulation does not demonstrate a denial of equal protection based on religion. Thus, the district court also properly dismissed this claim under Rule 12(b)(6).

Accordingly, we **AFFIRM** the district court's dismissal of this complaint.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk